### A. Glenn BRASWELL, Plaintiff–Appellant,

v.

### Timothy D. HENKEL, individually, Scott Silver, individually, et al., Defendants–Appellees.

No. 05–10242
Non–Argument Calendar.
D.C. Docket No. 04–21277–CV–PCH.

United States Court of Appeals, Eleventh Circuit.

Dec. 20, 2005.

Ricardo A. Banciella, Atlee W. Wampler, III, S. Alan Stanley, Wampler Buchanan Walker Chabrow & Banciella, P.A., Miami, FL, for Plaintiff–Appellant.

Loren H. Cohen, Mitrani, Rynor, et al., Gerald B. Wald, Antonio Arzola, Murai, Wald, Biondo & Moreno, P.A., Humberto H. Ocariz, Shook, Hardy & Bacon, Pamela A. Chamberlin, Mitrani, Rynor, Adamsky & Macaulay, Miami, FL, for Defendants–Appellees.

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

A. Glenn Braswell appeals the district court's dismissal of his 42 U.S.C. § 1983 action. The district court dismissed the action pursuant to the *Rooker/Feldman* doctrine, which bars a federal district court from directly reviewing a final judgment of a state court. *See D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Braswell makes two arguments on appeal. First, he argues that the *Rooker/Feldman* doctrine does not apply to the state trial court's order denying his motion to disqualify counsel because his constitutional claim is not "inextricably intertwined" with the state court's order. Second, he argues that the district court's order did not constitute a final judgment for the purposes of the *Rooker/Feldman* doctrine.

We have carefully considered the briefs, and relevant parts of the record, and conclude that Braswell's arguments are meritless.

AFFIRMED.